**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CCA ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 97-334C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION REGARDING PAGE LIMITS**

By order dated September 29, 2006, the Court directed the parties to file simultaneous post-trial briefs on November 9, 2006. Order of Judge Lettow at 3 (Sept. 29, 2006). The parties were directed to file "responsive briefs" on November 21, 2006. Id. The Court's order did not contain specific page limits. Consequently, the default page limits in the Rules of the United States Court of Federal Claims ("RCFC") applied.

Plaintiff, CCA Associates, subsequently moved to increase the number of pages for the initial brief to 60 pages. The Court granted CCA's motion in part and allowed an additional 20 pages for the parties' post-trial briefs. Order of Judge Lettow at 1 (Nov. 1, 2006). The parties simultaneously filed post-trial briefs on November 9, 2006.

On November 21, 2006, in accordance with the Court's prior orders, the United States filed its responsive brief. The RCFC provide for 40-page response briefs. RCFC 5.2. Thus, in accordance with the RCFC, the United States filed a 40-page brief – this being its initial brief in response to CCA's post-trial brief. See RCFC 5.2. Undersigned counsel was subsequently contacted by the attorneys for CCA, who asserted that their interpretation of the rules limited the November 21, 2006 brief to 20 pages. Accordingly, in light of the argument made by counsel

for CCA, and out of an abundance of caution, the United States files this motion for leave to file a 40-page responsive brief.

**ARGUMENT**

The United States' interpretation of this Court's orders and the RCFC is that its November 21, 2006, brief complied with the established default page limit of 40 pages. The United States' brief was its initial response to the post-trial brief filed by CCA on November 9, 2006. This was precisely what the Court's August 29, 2006 order requires. See Order at 3 (Aug. 29, 2006) (referring to the second brief as a "responsive brief"). CCA contends that the United States' brief should be construed as a reply brief that is subject to a 20-page limit, notwithstanding the fact that the United States' brief was not filed in support of its own initial brief.[1] The rules addressing pages limits contemplate non-simultaneous briefing. The application of the rules where, as here, simultaneous briefing has been ordered is potentially debatable.

Had the United States construed the rules and the Court's orders as apparently does CCA, the United States would have moved for an enlargement of the page limit prior to filing its November 21, 2006, brief. CCA requested and obtained a 20 page increase for its initial brief. As a result, to provide a substantive response to the numerous arguments raised by CCA, the United States requires more than a 20 page brief. Given the increase in pages allowed by the Court for CCA's initial brief, in light of CCA's anticipated argument, the United States respectfully seeks leave to file a 40-page responsive brief.

[1] While the caption on the United States' November 21, 2006, brief refers to it as a "reply" brief, this term was used in a non-technical sense. The United States' brief replies to the arguments made by CCA in its 65-page initial post-trial brief.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for leave to file a brief that is 40 pages long.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ Kenneth Woodrow

KENNETH D. WOODROW
DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 353-0513

November 22, 2006 Attorneys for Defendant