**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CCA ASSOCIATES, A LOUISIANA PARTNERSHIP,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 97-334C<br>(Judge Lettow) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S POST-TRIAL REPLY BRIEF**

Plaintiff CCA Associates respectfully submits this Motion to Strike Defendant's Post-Trial Reply Brief, and, in support, states as follows:

1. Pursuant to this Court's August 29, 2006 Pre-Trial Order, the parties were required to submit initial post-trial briefs on November 9, 2006, and reply briefs on November 21, 2006.

2. On October 27, 2006, Plaintiff filed a motion to extend the page limit of the initial post-trial briefs. This Court granted that motion in part in its November 1, 2006 Order. The November 1, 2006 Order permitted the parties to submit initial post trial briefs of up to sixty pages. That order did not, however, address in any manner the post-trial reply briefs required by this Court's August 29 Pre-Trial Order.

3. Court of Federal Claims Rule 5.2(b)(2) provides that, without permission of the Court, the length of reply briefs submitted to the Court may not exceed 20 pages.

4. On November 9, 2006, the Defendant filed its initial brief. On November 21, 2006, the Defendant filed a 40-page reply brief, twice the allowable limit. Defendant did not confer with Plaintiff prior to exceeding the page limit, nor did Defendant receive, or even request, permission from this Court as required by Rule 5.2(b)(2).

5. Prior to filing this motion, counsel for Plaintiff called counsel for the government to request an explanation. Counsel for the government stated that he considered the rules to be ambiguous and that the briefing schedule set by the Court is akin to cross motions, entitling the government to file a 40-page reply. This purported justification is an unnatural reading of the plain language of the rule. In *Cienega Gardens v. United States*, 67 Fed. Cl. 434 (2005), for example, the two sets of plaintiffs requested and obtained permission to file 34- and 38-page reply briefs, respectively. *See Cienega Gardens* docket #s 253-256.

6. Plaintiff will be prejudiced if Defendant is allowed to maintain a 40-page reply brief. To keep within the 20-page limit, Plaintiff necessarily made choices as to those issues to address. Had counsel for Defendant discussed, in a timely fashion, its wish to file a brief in excess of the 20-page limit, Plaintiff would have had an opportunity to consider whether to address additional issues. Instead, Defendant simply proceeded without the courtesy of consulting Plaintiff, in violation of the rules and normal standards of appropriate conduct between counsel.

7. Accordingly, Plaintiff respectfully requests that the Court STRIKE Defendant's November 21, 2006 Post-Trial Reply Brief in its entirety, and ORDER Defendant to file any replacement reply brief no later than 9:30 a.m. on November 27, 2006. Any reply brief filed by Defendant should be limited to addressing the specific points made in Plaintiff's initial Post-Trial Brief.

A proposed order is attached.

November 22, 2006

Respectfully submitted,

By /s/ Elliot E. Polebaum

Elliot E. Polebaum
Albert S. Iarossi
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004
Tel.: (202) 639-7000/Fax: (202) 639-7003

Attorneys for CCA Associates

282143

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CCA ASSOCIATES, A LOUISIANA PARTNERSHIP,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 97-334C<br>(Judge Lettow) |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S POST-TRIAL REPLY BRIEF**

Pending before this Court is Plaintiff's Motion to Strike Defendant's Post-Trial Reply Brief.

Good cause having been shown, Plaintiff's Motion to Strike Defendant's Post-Trial Reply Brief is GRANTED. Leave is granted to file a 20-page reply brief no later than 9:30 a.m. on November 27, 2006. Such reply brief shall address only points raised in Plaintiff's initial Post-Trial brief.

It is so **ORDERED**.

Charles F. Lettow
Judge

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that, on this 22nd day of November 2006, I caused a copy of the foregoing Plaintiff's Motion to Strike Defendant's Post-Trial Reply Brief to be delivered electronically to:

Kenneth D. Woodrow, Esq.
Commercial Litigation Branch
Civil Division
Attention: Classification Unit, Room 8012
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20530

/s/ Albert S. Iarossi
Albert S. Iarossi